Case 3:07-cv-00262-ECR-VPC   Document 34   Filed 06/27/08   Page 1 of 7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH LAW, | 3:07-CV-0262-ECR (VPC) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| E.K. McDANIEL, et al., | |
| Defendants. | June 27, 2008 |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is the motion of defendants E.K. McDaniel, Adam Endel, and Paula Miller ("NDOC defendants") to dismiss (#24). Plaintiff opposed (#30) and defendants did not reply. The court has thoroughly reviewed the record and the motion and recommends that defendants' motion to dismiss (#24) be granted in part and denied in part.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Kenneth Law ("plaintiff"), acting *in pro se*, is a prisoner incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#1)[1]. Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his Eighth Amendment right prohibiting cruel and unusual punishment when they failed to protect plaintiff from fellow inmates. *Id.* Plaintiff names as defendants the following: E. K. McDaniel, ESP Warden; Adam Endel, ESP Deputy Warden of Programming; Paula Miller, NDOC Interstate Compact Coordinator; Valinda Froschauer, NDOC Interstate Compact Coordinator; William Eleby, Ohio Department of Rehabilitation and Correction Chief of Bureau Classification and Reception; and John Doe. *Id.*

---

[1] Plaintiff's original complaint was removed to the United States District Court on June 6, 2007 (#1).

Until February 1997, plaintiff was incarcerated at the Southern Ohio Correctional Facility in Lucasville, OH ("Lucasville") where he was a part of the 1993 Lucasville prison riot. *Id.* Plaintiff later agreed to testify as to the events he witnessed, and in February 1997, Lucasville prison official, defendant William Eleby, entered into an Interstate Compact Agreement with NDOC prison official, defendant Paula Miller, to transfer plaintiff to ESP. *Id.*

In 2004, a book entitled, *Lucasville: The Untold Story*, was published, naming and photographically identifying the plaintiff as a prison informant about the Lucasville prison riot. *Id.* Also in 2004, plaintiff expressed concern for his safety at ESP, but defendant William Eleby assured him that with the assistance of defendant E.K. McDaniel, the book would be banned from ESP. *Id.* Concerned that the book would not actually be banned, plaintiff had his cell mate request the publication, and defendant Adam Endel approved this request on October 24, 2004.[2] *Id.* Plaintiff alleges that on September 1, 2005, a fellow inmate, Kenneth Richard, assaulted plaintiff as the result of the information contained in the book. *Id.*

Plaintiff sues the NDOC defendants for violating his Eighth Amendment rights when defendants were deliberately indifferent and failed to protect plaintiff from harm by a fellow inmate. Plaintiff also sues defendant William Eleby, but those allegations are not the subject of this motion to dismiss.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept all factual allegations in the complaint as true and construe the

---

[2] Additionally, defendant Adam Endel approved two other requests for the publication on June 25, 2006 and August 10, 2006. *Id.*

2

pleadings in the light most favorable to the non-moving party. *Outdoor Media Group, Inc.*, 506 F.3d at 899-900. For the movant to succeed, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Pursuant to section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.   Analysis

Plaintiff alleges that defendant prison officials failed to protect him from being harmed by a fellow inmate when they allowed a publication naming him as an informant to enter circulation at ESP, placing him at serious risk (#1). The Eighth Amendment requires prison officials to protect inmates from being harmed by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Under *Farmer* if a prison official is subjectively aware of a serious risk to an inmate, the inmate's Eighth Amendment rights are violated if the official disregards that risk. 511 U.S. at 837.

#### 1.   Eleventh Amendment Immunity

Defendants argue that because plaintiff sued each defendant in their official capacities, plaintiff's complaint must be dismissed, since defendants have absolute immunity from prosecution pursuant to the Eleventh Amendment (#24). The Eleventh Amendment states "The Judicial power of the United States shall not be construed to extend to any suit... against one of the United States by Citizens of another State." U.S. Const. amend XI. The Supreme Court has held that a suit against a state official in his or her official capacity is not suit against that official, but rather a suit against the official's office; therefore, an official acting in his or her official capacity is not a "person" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Since the state and its officials are not considered "persons" within the meaning of section 1983, "they cannot be held liable under the statute for money damages." *Bank of Lake*

3

*Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).

Plaintiff names defendants Paula Miller, Valinda Froschauer, William Eleby and John Doe in their individual capacities only, but names defendants E.K. McDaniel and Adam Endel in both their official and their individual capacities (#1). Since the Eleventh Amendment prohibits state officials from being held liable in their official capacities, to the extent defendants McDaniel and Endel are sued in their official capacities for money damages, those claims are dismissed.

### 2.  Qualified Immunity

Defendants contend that plaintiff's claim must be dismissed because defendants are immune from suit based on qualified immunity. Qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 437 U.S. 800, 818 (1982). When a constitutional violation occurs, law enforcement officers nonetheless are entitled to qualified immunity if they act reasonably under the circumstances. *KRL v. Estate of Moore*, 512 F.3d 1184, 1186 (9th Cir. 2008) (citing *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

A qualified immunity analysis begins with a threshold question of whether, based upon facts taken in the light most favorable to the party asserting the injury, an official's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If no constitutional right was violated, the court need not inquire further. *Id.* If a constitutional violation has occurred, the court's second inquiry is whether the law was "clearly established" at the time of the violation. *Id.* This is a question of law for the court. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir. 1995).

If the court determines that the law was clearly established at the time of the alleged violation, the final inquiry is whether the official could nevertheless have reasonably, but mistakenly, believed that his or her conduct did not violate the plaintiff's constitutional rights. *Sloman v. Tadlock*, 21 F.3d 1462, 1467 (9th Cir. 1994). The court must examine the "'information possessed' by the [state official] to determine whether a reasonable official in a

4

particular factual situation should have been on notice that his or her conduct was illegal." *Inouye*, 504 F.3d at 712 (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). The reasonableness determination is also a question of law, unless there are issues of fact as to what the official knew and when. *Sinaloa Lake*, 70 F.3d at 1099.

Although the government is "entitled to raise the qualified immunity defense immediately, on a motion to dismiss the complaint," *see Kwai Fun Wong v. U.S.*, 373 F.3d 953, 956-57 (9th Cir. 2004), at this stage, the court looks only at whether the law is clearly established and whether the plaintiff has alleged sufficient facts to constitute a violation of established law. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007). Taking the facts in plaintiff's complaint as true, plaintiff has alleged that defendants violated his Eighth Amendment rights and that defendants failed to act reasonably. It is clearly established that a reasonable officer would understand "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Because the right is clearly established and the plaintiff sufficiently alleged a colorable violation of constitutional rights, the court concludes that defendants are not entitled to qualified immunity at the motion to dismiss stage. The court denies defendants' motion to dismiss on qualified immunity grounds.

### 3. Eighth Amendment Deliberate Indifference Standard

An inmate's Eighth Amendment rights are violated if a prison official acts with deliberate indifference with respect to a substantial risk of serious harm to an inmate. *Estelle v. Gamble*, 429 U.S. 97 (1975). Accordingly, prison officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (citations omitted). To establish an Eighth Amendment violation for failure to protect that survives a motion to dismiss, a plaintiff must allege that he was incarcerated under conditions posing a "substantial risk of serious harm" and that the prison officials acted with deliberate indifference. *Id.* at 834.

Defendants assert that plaintiff's claim should be dismissed because plaintiff failed to sufficiently allege that defendants acted with deliberate indifference (#24). Specifically, defendants argue that because plaintiff admitted in his complaint that he felt no danger with respect to the book, plaintiff failed to allege that defendants ignored a substantial risk of serious

5

harm to plaintiff. *Id.* However, apart from plaintiff's admission that he was not fearful, plaintiff specifically alleges that each defendant was aware of a substantial risk of serious harm to the plaintiff and disregarded that risk (#1). The court finds that plaintiff's concession that he subjectively felt no risk of harm is a separate inquiry from whether plaintiff has successfully alleged defendants were deliberately indifferent to a substantial risk of serious harm to plaintiff.[3]

Lastly, defendants assert that plaintiff has not alleged facts that prove that defendants were the cause in fact and the proximate cause of plaintiff's injuries (#24). At the motion to dismiss stage, it is not required that the party seeking relief prove its case, but rather the court considers whether plaintiff successfully alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Here, plaintiff has asserted that defendants' actions caused his injury in a manner which is plausible on its face (#1).[4]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has sufficiently stated a claim upon which relief can be granted. The court further concludes that defendants E.K. McDaniel and Adam Endel cannot be sued for monetary damages in their official capacities. Additionally, the defendants are not entitled to dismissal at this stage on qualified immunity grounds because plaintiff successfully alleged that his Eighth Amendment rights were violated and that defendants failed to act reasonably with respect thereto. Defendants are also not entitled to dismissal because plaintiff successfully alleged that defendants subjected him to a substantial risk of serious harm, that defendants acted deliberately indifferent with respect thereto, and that defendants caused plaintiff's injury.

---

[3] The court notes that while the plaintiff has alleged adequate facts to survive a motion to dismiss, more information supporting the allegation that the defendants knew of and disregarded the risk to plaintiff will be needed to survive a motion for summary judgment.

[4] The court again notes that while plaintiff's allegations that defendants' conduct caused his injury, as opposed to plaintiff's book requests, are sufficient to survive the motion to dismiss stage, more evidence will be necessary to survive a motion for summary judgment.

Therefore, the court recommends that defendant's motion to dismiss (#24) be **GRANTED** as to defendants E.K. McDaniel and Adam Endel in their official capacities and **DENIED** as to all other claims.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#24) be **GRANTED** as to defendants E.K. McDaniel and Adam Endel in their official capacities and **DENIED** as to all other claims..

**DATED:** June 27, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

7