**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENNETH LAW, | 3:07-CV-0262-ECR (VPC) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| E.K. MCDANIEL, *et al.*, | |
| Defendants. | August 20, 2008 |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant William Eleby's ("defendant Eleby") motion to dismiss (#22). Plaintiff opposed (#30) and defendant Eleby did not reply. The court has thoroughly reviewed the record and the motion and recommends that defendant's motion to dismiss (#22) be granted in part and denied in part.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Kenneth Law ("plaintiff"), acting *in pro se*, is a prisoner incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#1).[1] Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his Eighth Amendment right prohibiting cruel and unusual punishment when they failed to protect plaintiff from fellow inmates. *Id*. Plaintiff names as defendants E. K. McDaniel, ESP Warden; Adam Endel, ESP Deputy Warden of Programming; Paula Miller, NDOC Interstate Compact Coordinator; Valinda Froschauer, NDOC Interstate Compact Coordinator; William Eleby, Ohio Department of Rehabilitation and Correction Chief of Bureau Classification and Reception; and John Doe. *Id*.

---

[1] Plaintiff's original complaint was removed from the Seventh Judicial Court of the State of Nevada, in and for the County of White Pine, to the United States District Court on June 6, 2007 (#1).

1    Until February 1997, plaintiff was incarcerated at the Southern Ohio Correctional Facility
2 in Lucasville, OH ("Lucasville") where he was a part of the 1993 Lucasville prison riot. *Id*.
3 Plaintiff later agreed to testify as to the events he witnessed, and Lucasville prison official,
4 defendant Eleby, entered into an Interstate Compact Agreement with NDOC prison official,
5 defendant Miller, in February 1997 to transfer plaintiff to ESP. *Id*.

6    In 2004, a book entitled, *Lucasville: The Untold Story*, was published, naming and
7 photographically identifying the plaintiff as a prison informant relating to the Lucasville prison
8 riot. *Id*. Shortly thereafter, plaintiff expressed concern for his safety at ESP, but defendant Eleby
9 assured him that with the assistance of defendant McDaniel, the book would be banned from ESP.
10 *Id*. Concerned that the book would not actually be banned, plaintiff had his cell mate request the
11 publication, which request defendant Endel approved on October 24, 2004. *Id*. On September
12 1, 2005, a fellow inmate, Kenneth Richard, assaulted plaintiff, allegedly as the result of the
13 information contained in the book. *Id*. Thereafter, defendant Endel additionally approved two
14 other requests for the publication on June 25, 2006 and August 10, 2006. *Id*.

15    The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the
16 plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff
17 the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th
18 Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

19                              **II. DISCUSSION & ANALYSIS**
20    **A.    Discussion**
21        **1.    Motion to Dismiss Standard**

22    When considering a motion to dismiss for failure to state a claim upon which relief can
23 be granted, the court must accept all factual allegations in the complaint as true and construe the
24 pleadings in the light most favorable to the non-moving party. *Outdoor Media Group, Inc.,* 506
25 F.3d at 899-900. For the movant to succeed, it must appear beyond doubt that the plaintiff can
26 prove no set of facts in support of his claim that would entitle him to relief. *Rothman v. Vedder
27 Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990). To survive a motion to dismiss, the plaintiff must
28 allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v.*

2

1  *Twombly*, 127 S.Ct. 1955, 1974 (2007). Pursuant to section 1983, plaintiff must allege that (1)
2  the defendant subjected him to the deprivation of a right, privilege or immunity guaranteed by the
3  U.S. Constitution or U.S. law, and (2) the defendant acted under the color of state law. *West v.*
4  *Atkins*, 487 U.S. 42, 48 (1988).

5        **B.**      **Analysis**

6        **1. Failure to State an Eighth Amendment Claim**

7        Defendant Eleby first argues that plaintiff has failed to sufficiently state an Eighth
8  Amendment claim (#22, p. 5-8). An inmate's Eighth Amendment rights are violated if a prison
9  official acts with deliberate indifference with respect to a substantial risk of serious harm to an
10 inmate. *Estelle v. Gamble*, 429 U.S. 97, 105 (1975). Prison officials "have a duty . . . to protect
11 prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833
12 (1994) (citations omitted). To survive a motion to dismiss an Eighth Amendment failure to
13 protect claim, a plaintiff must allege that he was incarcerated under conditions posing a
14 "substantial risk of serious harm" and that the prison official acted with deliberate indifference.
15 *Id*. at 834.

16       Defendant Eleby argues that plaintiff must allege that plaintiff faced an imminent threat
17 at the hands of another inmate, and that defendant Eleby was aware of that threat but deliberately
18 ignored the risk (#22, pp. 5-8). Plaintiff alleges in his complaint that he gave defendant Eleby
19 notice that ESP officials had approved the book request, that defendant Eleby was aware of the
20 substantial risk related to ESP inmates finding out about the book, and that defendant Eleby
21 deliberately ignored the risk by taking no steps to ensure plaintiff's safety (#1, p.7). The court
22 finds that plaintiff has sufficiently alleged an Eighth Amendment violation against defendant
23 Eleby.

24       **2. Standing**

25       Defendant Eleby next argues that plaintiff does not have standing to bring his claim
26 because plaintiff has not sufficiently alleged a direct injury (#22, pp. 8-10). Generally, the law
27 of standing requires that a plaintiff demonstrate that "he has sustained or is immediately in danger
28 of sustaining some direct injury as the result of the challenged official's conduct, and the injury

1   or threat of injury [is] both real and immediate, not conjectural and hypothetical." *City of Los
2   Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983).  It is clear that "not ... every injury suffered by one
3   prisoner at the hands of another ... translates into constitutional liability for prison officials
4   responsible for the victim's safety." *Farmer*, 511 U.S. at 834.  If an inmate has been assaulted
5   by a fellow inmate, a prison official can only be held liable for a constitutional violation if the
6   inmate can demonstrate that the deprivation is "sufficiently serious."  *Id*. at 834, *citing Wilson*,
7   501 U.S. at 298.  Physical injury, not simply mental or emotional injury, must occur for an Eighth
8   Amendment claim to stand.  See 42 U.S.C.A. § 1997e(e) ("No Federal civil action may be
9   brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or
10  emotional injury suffered while in custody without a prior showing of physical injury.").

11          In his complaint, plaintiff alleges that he was kicked in the stomach once by a fellow
12  inmate and states that although he was "not seriously injured," he "suffered bruised ribs that he
13  treated ... with pain medication from the prison canteen" (#1, p. 5).  Defendant Eleby argues that
14  plaintiff fails to allege an actual injury for purposes of standing due to plaintiff's admission that
15  he was "not seriously injured," and cites *Sierra Club v. Morton*, 405 U.S. 727 (1972) (#22, pp.
16  8-9).  In *Morton*, the Court held that because the Sierra Club had failed to allege that any of its
17  members used the land at issue in the case for any purpose, much less a purpose that would be
18  significantly affected by a proposed ski area, the Sierra Club was not injured and, therefore,
19  lacked standing.  *Id*. at 735.  The court stated that a "mere interest in the problem" is not
20  sufficient.  *Id*.

21          *Morton* is distinguishable from the present case.  In *Morton*, the most the Sierra Club
22  alleged was that its members, who did not necessarily use the land at issue, *could* be injured in
23  the future if a ski area was built.  That was a hypothetical injury that had not yet occurred and was
24  far in the future.  In this case, plaintiff did allege a direct injury – he alleges that he was kicked
25  in the stomach and suffered bruised ribs (#1, p. 5).  This is sufficient at the motion to dismiss
26  stage.  Whether or not this injury is "serious" enough in the legal sense is a factual issue that
27  should be decided based upon evidence.  The court denies defendant Eleby's motion to dismiss
28  based on the ground of standing.

**3. Proximate Cause**

Defendant Eleby also asserts that plaintiff has not alleged facts proving that defendant Eleby was the cause in fact and the proximate cause of plaintiff's injuries (#22, pp. 10-11). Defendant Eleby agues that because plaintiff prevailed upon his cell mate to order the book, it was plaintiff who introduced the book into the prison; therefore, any injury the plaintiff claims he suffered can only be due to plaintiff's own actions. *Id.*

At the motion to dismiss stage, it is not required that the party seeking relief prove its case, but rather the court considers whether plaintiff successfully alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. Here, plaintiff has alleged that defendant Eleby caused his injury by failing to act to ensure plaintiff's safety after plaintiff notified defendant Eleby that the book was in the prison system (#1, p. 7). These facts are sufficiently plausible on their face. The court denies defendant Eleby's motion to dismiss based on proximate cause.

**4. Eleventh Amendment Immunity**

Defendant Eleby argues that because plaintiff sued him in his official capacity, plaintiff's complaint must be dismissed because defendant Eleby has absolute immunity from prosecution pursuant to the Eleventh Amendment (#22). The Eleventh Amendment states "The Judicial power of the United States shall not be construed to extend to any suit... against one of the United States by Citizens of another State." U.S. Const. amend XI. The Supreme Court has held that a suit against a state official in his or her official capacity is not suit against that official, but rather a suit against the official's office; therefore, an official acting in his or her official capacity is not a "person" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Since the state and its officials are not considered "persons" within the meaning of section 1983, "they cannot be held liable under the statute for money damages." *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003). Plaintiff names defendant Eleby in his individual capacity only; however, to the extent defendant Eleby is sued in his official capacity for money damages, those claims are dismissed.

///

|   |   |
|---|---|
| 1 | **5. Qualified Immunity** |
| 2 | Finally, defendant Eleby contends that plaintiff's claim must be dismissed because he is |
| 3 | immune from suit based on qualified immunity. A qualified immunity analysis begins with a |
| 4 | threshold question of whether, based upon facts taken in the light most favorable to the party |
| 5 | asserting the injury, an official's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. |
| 6 | 194, 201 (2001). If no constitutional right was violated, the court need not inquire further. *Id*. |
| 7 | If a constitutional violation has occurred, the court's second inquiry is whether the law was |
| 8 | "clearly established" at the time of the violation. *Id*. This is a question of law for the court. |
| 9 | *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir. 1995). If the |
| 10 | court determines that the law was clearly established at the time of the alleged violation, the final |
| 11 | inquiry is whether the official could nevertheless have reasonably, but mistakenly, believed that |
| 12 | his or her conduct did not violate the plaintiff's constitutional rights. *Sloman v. Tadlock*, 21 F.3d |
| 13 | 1462, 1467 (9th Cir. 1994). The court must examine the "'information possessed' by the [state |
| 14 | official] to determine whether a reasonable official in a particular factual situation should have |
| 15 | been on notice that his or her conduct was illegal." *Inouye*, 504 F.3d at 712 (citing *Anderson v.* |
| 16 | *Creighton*, 483 U.S. 635, 641 (1987)). The reasonableness determination is also a question of |
| 17 | law, unless there are issues of fact as to what the official knew and when. *Sinaloa Lake*, 70 F.3d |
| 18 | at 1099. |
| 19 | Although the government is "entitled to raise the qualified immunity defense immediately, |
| 20 | on a motion to dismiss the complaint," *see Kwai Fun Wong v. U.S.*, 373 F.3d 953, 956-57 (9th |
| 21 | Cir. 2004), at this stage, the court looks only at whether the law is clearly established and whether |
| 22 | the plaintiff has alleged sufficient facts to constitute a violation of established law. *Hydrick v.* |
| 23 | *Hunter*, 500 F.3d 978, 985 (9th Cir. 2007). Taking the facts in plaintiff's complaint as true, |
| 24 | plaintiff has alleged that defendant Eleby violated his Eighth Amendment rights and failed to act |
| 25 | reasonably. It is clearly established that a reasonable prison official would understand "prison |
| 26 | officials have a duty ... to protect prisoners from violence at the hands of other prisoners." |
| 27 | *Farmer*, 511 U.S. at 833. Because the right is clearly established and the plaintiff sufficiently |
| 28 |   |

6

1  alleged a colorable violation of constitutional rights, the court concludes that defendant Eleby is
2  not entitled to qualified immunity at the motion to dismiss stage.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has sufficiently stated a claim upon which relief can be granted. The court further concludes that plaintiff has standing to bring his claim, and has sufficiently alleged that defendant Eleby is the proximate cause of his injuries. The court further concludes that plaintiff cannot sue defendant Eleby in his official capacity for money damages. Finally, the court concludes that defendant Eleby is not entitled to qualified immunity at this stage in the proceedings because plaintiff's right is clearly established and plaintiff sufficiently alleged a violation of that right. As such, the court recommends that defendant's motion to dismiss (#22) be **GRANTED** as to plaintiff's claims against defendant Eleb\y in his official capacity for money damages, and **DENIED** as to the remainder of plaintiff's claims.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///
///
///
///
///

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#22) be **GRANTED** as to plaintiff's claims against defendant Eleb\y in his official capacity for money damages, and **DENIED** as to the remainder of plaintiff's claims.

**DATED:** August 20, 2008.

*Valerie P. Cooke*

_____
**UNITED STATES MAGISTRATE JUDGE**