# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH LAW,

    Plaintiff,

vs.

E.K. MCDANIEL, *et al.*,

    Defendants.

3:07-CV-00262-ECR-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

September 8, 2009

    This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants Eldon K. McDaniel ("McDaniel"), Adam Endel ("Endel"), and Paula Miller's ("Miller") motion for summary judgment (#62). Plaintiff opposed (#71) and defendants replied (#72). For the reasons set forth below, the court recommends that defendants' motion for summary judgment (#62) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

    Plaintiff Kenneth Law ("plaintiff") is a prisoner at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#1). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right against cruel and unusual punishment. Plaintiff names as defendants ESP Warden, Eldon K. McDaniel, ESP Associate Warden of Programs, Adam Endel, NDOC Program Officer, Paula Miller, Ohio Department of Rehabilitation and Correction's Bureau of Classification, William Eleby, and former NDOC Interstate Compact Coordinator, Valinda Fraschauer. However, McDaniel, Endel, Miller, and Fraschauer are the only remaining defendants.[1] Plaintiff alleges that Defendants McDaniel,

---

[1] This court filed a Report and Recommendation on April 3, 2009, recommending dismissal of Defendant Eleby on motion for summary judgment (#67), which the district court approved and adopted on May 1, 2009 (#70).

1  Endel, and Miller acted with deliberate indifference to the plaintiff's safety in not taking
2  appropriate steps to prevent dissemination at ESP of a book which labeled him as an informant.
3        The following facts are undisputed.  Plaintiff was an inmate at the Southern Ohio
4  Correctional Facility in Lucasville, Ohio (#1).  Plaintiff testified on behalf of the state in two
5  trials stemming from a prison riot (#1).  In 1997, as part of an interstate agreement, Defendant
6  Eleby, in conjunction with Defendant Miller and the NDOC, transferred plaintiff to ESP (#1).
7        On July 24, 2004, Defendant Eleby sent a letter to Defendant Miller, which informed
8  Miller of a recently published book entitled Lucasville: *The Untold Story of a Prison Uprising*
9  ("the book") (#1). The book contained plaintiff's name and photograph and identified him as a
10 "prison informant" (#71, Ex. 1). Defendant Eleby requested of Miller that the NDOC not allow
11 the book into ESP. *Id.*
12       On October 24, 2004, plaintiff's cellmate, Willie Jackson, placed an order with Defendant
13 Endel for a copy of the above-mentioned book at plaintiff's request (#71, Ex. 4).  Defendant
14 Endel approved the order request, but Jackson "never sent for the book" (#1).
15       On September 1, 2005, two ESP officers moved plaintiff into a cell with another inmate
16 named Richard Kenny (#1). As the officers removed plaintiff's leg restraints, Kenny jumped from
17 his bed, ran toward plaintiff, and kicked plaintiff in the chest.  Plaintiff alleges that he sustained
18 a bruised rib in the attack. Although plaintiff did not require nor seek medical care after the
19 incident, plaintiff submits a medical report dated January 13, 2008.  In that form, plaintiff stated,
20 "A nurse informed me that the only treatment provided here for brused (sic) or a broken rib is
21 ibuprofen or other pain meds."  The medical provider responded that the above statement was
22 "essentially correct" and that it would be necessary to make an appointment to be seen by medical
23 staff.  Plaintiff did not seek any further appointment in connection with the injuries sustained.
24       Plaintiff alleges, but provides no further evidence, that inmate Kenny had stated that there
25 were "several books circulating throughout Ely State Prison naming Plaintiff as a rat and a prison
26 informant" (#1).
27
28

Defendant Eleby sent a letter dated October 4, 2005, in reply to plaintiff's correspondence.[2] In that letter, he noted that the book "has been removed from the institution and further steps have been taken to ensure it is not allowed into your institution in the future" (# 1, p. 16). However, the plaintiff also submits two requests for the book in June 2006 and August 2006, which Defendant Endel approved.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 526 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

---

[2] The parties have not presented to the court a copy of the letter to which Defendant Eleby replied.

3

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 , 323 (1986).  Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial.  *Anderson*, 477 U.S. at 248.  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

**B.     Analysis**

Plaintiff alleges that defendants intentionally allowed the book into ESP, thereby labeling him as an "informant" and endangering his safety, and that doing so violated his Eighth Amendment rights.

### 1.     Failure to Protect Claim Arising from 2005 Assault

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." *Id.* at 834.  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is "objectively, sufficiently serious" and (2) the prison officials had a "sufficiently culpable state of mind," acting with deliberate indifference.  *Id.* at 834; *see Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995).  Thus, there is both an objective and subjective component to an actionable Eighth Amendment violation.  *Clement v. Gomez*, 298 F.3d 989, 904 (9th Cir. 2002).

The objective standard requires that "the deprivation alleged must be 'sufficiently serious.'" *Id.* at 834, *quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  "What is necessary to show sufficient harm for the purposes of the Cruel and Unusual Punishment Clause depends on the claim at issue." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  "The objective component of

4

an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* at 8.

The subjective standard of deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835, *quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id*. at 836. Mere negligence on the part of prison staff is not sufficient to prove deliberate indifference. *Id*. Essentially, acting or failing to act with deliberate indifference is "the equivalent of recklessly disregarding" a substantial risk of serious harm to the inmate. *Id.*

To prove deliberate indifference, the plaintiff must show that the prison official knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The plaintiff need not prove that the official believed the harm would actually befall the inmate; "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id*. at 842.

Whether a prison official had the requisite state of mind is a question of fact, "subject to demonstration in usual ways, including inference from circumstantial evidence . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id*. An official will not escape liability if he has "refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." *Id*. at 843, n.8. Conversely, prison officials may show that they are not liable because they did not know "the underlying facts indicating a sufficiently substantial danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id*. at 844.

A court should not rely solely on the fact that a prisoner failed to notify prison officials of a risk of harm, but instead should look to whether the prisoner has established the prison official's awareness through other relevant evidence. *Id*. at 848 ("the failure to give advance notice is not dispositive").

5

Plaintiff asserts that Defendant Endel's approval of the 2005 book request constitutes a constitutional violation of his Eighth Amendment right. The court disagrees.

Plaintiff's allegations present an objective showing of "sufficiently serious harm" in that prison officials' distribution of a book which labels an inmate as an informant would likely place that inmate at serious risk of harm. *See Valandingham v. Boroquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may violate right to be protected from violence while in state custody). However, plaintiff offers little evidence to indicate that a sufficiently serious harm in fact existed - namely, that prison officials actually allowed the book into ESP. Plaintiff points to a book request form which cellmate Jackson made approximately one year before the attack; however, prison regulations, offered by the plaintiff in his opposition to the instant motion, note that "initial approval is for *ordering* books only" (#71, Ex. 3A). Prison officials may have approved the ordering of the book, but there is no evidence that any inmate actually received the book.[3] Plaintiff alleges that inmate Kenny made statements indicating that the book was at ESP, but plaintiff presents no evidence to support such an allegation. However, the court notes one statement made in the plaintiff's NDOC Case Note. It reads, "The book was also allowed into the institution which [plaintiff] originally claimed was the cause of problems with his celly, but now claims was not" (#62, Ex. A). The statement is unclear as to whether it was defendants who allowed the book into ESP, but given the court's obligation that it read all facts and inferences in favor of the nonmoving party, it assumes that this statement may serve as evidence that a copy of the book in fact entered ESP. Thus, the plaintiff meets his burden in demonstrating the existence of a sufficiently serious harm.

However, plaintiff fails to meet his burden on the subjective aspect of an Eighth Amendment violation. Plaintiff provides no evidence to indicate that Defendant Endel was aware of the book or the danger it presented to plaintiff. Moreover, plaintiff offers no evidence to

---

[3] Plaintiff requested production of documents from Defendants McDaniel and Endel regarding all books entering ESP from January 2004 to January 2008 (#47). Defendants objected to the request as burdensome, and the plaintiff took no further action before the close of discovery on January 23, 2009 (#56, #71, p. 2). Plaintiff has moved to reopen discovery, and the court denied his motion (#76). The plaintiff again seeks to compel discovery of those records in his opposition to the instant motion (#71 pp. 6-7).

1  demonstrate that Defendant Endel acted or failed to act in reckless disregard of such a risk. Prior
2  to the assault, plaintiff believed he was not at risk of any harm, and no evidence indicates that
3  prison officials should not have believed plaintiff's own assertions of safety. Therefore, summary
4  judgment for Defendant Endel is proper.

5  Plaintiff also asserts that Defendant Miller's receipt of the letter from Defendant Eleby and
6  subsequent failure to ensure that the book not enter ESP amounts to a constitutional violation of
7  his Eighth Amendment right to be free from physical harm. The court disagrees. In his
8  opposition to the instant motion, plaintiff produces a letter from Defendant Eleby to Defendant
9  Miller. The letter requests that Defendant Miller prohibit this book from entering the institution
10 library (#71, Ex. 1). While this letter may indicate that Defendant Miller was aware of the book,
11 plaintiff fails to produce any evidence that Defendant Miller acted in reckless disregard to
12 plaintiff's safety. At most, the actions of Defendant Miller amount to mere negligence, and such
13 a level of culpability is not actionable under a section 1983 failure to protect claim. Therefore,
14 summary judgment is proper for Defendant Miller.

15 Because there is no evidence before the court that Defendants Endel or Miller acted in
16 reckless disregard to a serious risk of injury to plaintiff, plaintiff's Eighth Amendment claim
17 cannot stand.

### 2.   Supervisory Liability

19 Plaintiff has also named Defendant McDaniel in his role as ESP Warden. Under section
20 1983, liability may not be imposed on supervisory personnel for the actions of their employees
21 under a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479
22 (1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). When the named defendant holds
23 a supervisorial position, the causal link between the defendant and the claimed constitutional
24 violation must be established. To maintain his claim against Defendant McDaniel, "the plaintiff
25 must set forth some evidence that the defendant either: personally participated in the alleged
26 deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or
27 promulgated or implemented a policy so deficient that the policy itself is a repudiation of
28 constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885

F.2d 642, 646 (9th Cir. 1989) (internal quotations omitted).

Plaintiff suggests in his opposition to the instant motion that Defendant McDaniel is liable for violation of plaintiff's rights because Defendant Endel, as the "Warden's Designee," approved the book request (#71). Plaintiff presents no evidence that Defendant McDaniel personally participated in the dissemination of the book or that he knew of Defendant Endel's approval of the book requests. Nor does the plaintiff allege that the book policy itself was the moving force of his alleged deprivation of rights. Therefore, summary judgment for Defendant McDaniel is proper.[4]

### 3. Failure to Protect Arising from 2006 Book Request Approvals

Plaintiff further alleges that Defendant Endel's subsequent approval of two ESP inmate book requests in 2006 for the book constitute a constitutional violation. However, the Ninth Circuit has rejected an Eighth Amendment claim where guards labeled an inmate a "snitch" but the inmate was not the victim of any retaliation. *Morgan v. MacDonald*, 41 F.3d 1291, 1294 (9th Cir. 1994). Here, plaintiff has only presented evidence of injury as a result of the 2005 assault. Because no evidence of any injury exists as a result of these two subsequent requests, plaintiff cannot support a section 1983 claim.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that there are no genuine issues of material fact regarding whether prison officials failed to protect the plaintiff from the dangers associated with dissemination of the book. Therefore, the court recommends that defendants motion for summary judgment (#62) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and

---

[4] Because plaintiff has not demonstrated that the defendants acted with deliberate indifference to the plaintiff's safety, the court need not address qualified immunity issues.

8

1 Recommendation" and should be accompanied by points and authorities for consideration by the
2 District Court.
3     2. This report and recommendation is not an appealable order and any notice of appeal
4 pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#62) be **GRANTED**.

DATED: September 8, 2009.

*/s/ Valerie P. Cooke*

_____
**UNITED STATES MAGISTRATE JUDGE**